UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| DONALD LYNN TAYLOR, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 03-548-DCR |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

This matter is currently pending for consideration of the pro se Plaintiff Donald Lynn Taylor's "Motion to Alter and Amend Judgment Pursuant to Fed.R.Civ.P. 60(b)" [Record No. 49]. The Plaintiff is currently confined in the Federal Correctional Institution in Manchester, Kentucky.

BACKGROUND

On October 22, 2003, the Plaintiff filed a pro se complaint asserting claims of negligence under the Federal Tort Claim Act ("the FTCA"). *See* 28 U.S.C. §§2671-2680. The negligence claims stemmed from a 2002 injury which the Plaintiff sustained at FCI-Manchester, when a bookshelf fell on him.

On February 24, 2004, the Court entered a Memorandum Opinion and Order in which it determined that the Plaintiff's FTCA claims were barred by the Discretionary Function Exception to the FTCA, which exception is codified 28 U.S.C. §2680(a). [Record No. 21] Accordingly, the Court dismissed the complaint for lack of subject matter jurisdiction.

The plaintiff appealed, and on April 28, 2005, the Sixth Circuit affirmed this Court's dismissal of the FTCA complaint. [Record No. 44] The Sixth Circuit noted that the Plaintiff had failed to allege in his complaint, or in his response to the United States' alternative contributory negligence defense, that the United States had been negligent in permitting him, without warning, unrestricted access to the subject bookshelves. Given that failure, the Sixth Circuit refused to entertain the issue of "negligent access" on appeal.

The court further determined that this Court did not abuse its discretion in denying the Plaintiff's request to conduct discovery during the briefing process. The Sixth Circuit agreed that this Court lacked subject matter jurisdiction over the Plaintiff's FTCA claims. Accordingly, it concluded that it was unnecessary to grant the Plaintiff's request for discovery in order to respond to a defense that the United States did not need to advance.

## DISCUSSION

In order to obtain relief from a judgment or order under Fed.R.Civ.P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or other misconduct of the adverse party. *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

Here, the Plaintiff has not satisfied the stringent criteria under Rule 60(b) and his motion must be denied. This Court has addressed and dismissed of all of the Plaintiff's claims on the merits. Over a year-and-a-half ago, the Sixth Circuit affirmed this Court's disposition of the claims. The Plaintiff's current submission (some twenty pages in length, accompanied by almost a hundred pages of attachments) is nothing but an attempt to re-open and re-litigate his dismissed FTCA claims. Therefore, the Plaintiff's "Motion to Alter and Amend Judgment Pursuant to Fed.R.Civ.P. 60(b)" will be denied.

## CONCLUSION

Being sufficiently advised, it is hereby Ordered that the Plaintiff's "Motion to Alter and Amend Judgment Pursuant to Fed.R.Civ.P. 60(b)" [Record No. 49] is **DENIED**.

This 8th day of November, 2006.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge